UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KEITH HANDY, SR., | § § § | |
| Petitioner, | § | |
| VS. | § § | CIVIL ACTION NO. H-17-871 |
| LORIE DAVIS, | § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Christopher Keith Handy, a state prisoner, has filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again seeking relief from a state court conviction and sentence. (Docket Entry No. 1). After a review of court records, the Court concludes that the petition must be dismissed as successive.

**I. SUCCESSIVE PETITION**

Court records indicate that petitioner has filed at least two prior petitions for habeas corpus relief of his January 14, 1997 conviction for aggravated assault with a deadly weapon in cause numbers 727971 and 727972 in the 174th Judicial District Court of Harris County, Texas. *See Handy v. Johnson*, Civ. A. No. H-99-0527 (S.D. Tex. Sept. 22, 2000) (dismissing the petition on the merits); *Handy v. Dretke*, Civ. A. No. H-05-2848 (S.D. Tex. Aug. 25, 2005) (dismissing the petition as successive). Petitioner again raises some of the same claims that he raised or could have raised in his previous petitions, that is, he claims that he was denied counsel of his choice and that the judge entered a false guilty plea. *See* Docket Entry No. 1; *Handy*, Civ. A. No. H-99-0527. Therefore, this Court is required to dismiss those claims. *See* 28 U.S.C. §2244(b)(1); *see also In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (holding that a subsequent

petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or "otherwise constitutes an abuse of the writ").

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This Court lacks jurisdiction to consider the petitioner's petition as it is a successive petition requiring Fifth Circuit authorization before a district court may consider it. 28 U.S.C. § 2244(b)(3). There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider petitioner's successive petition. Therefore, this Court lacks jurisdiction to consider petitioner's habeas claims. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007). Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. This action is **DISMISSED** without prejudice as a successive petition.

2. A certificate of appealability is **DENIED**.

3. Petitioner's Motion to Proceed *In Forma Pauperis* (Docket Entry No. 2) is **GRANTED**.

4. All other pending motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 19th day of April, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE